[Cite as *State v. Williams*, 2024-Ohio-4490.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                    :

    Plaintiff-Appellee,         :

                        No. 113520

    v.                                :

MANUELLE L. WILLIAMS,             :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 12, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679366-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Krystal Hyojong Lee, Assistant Prosecuting Attorney, *for appellee*.

Michael P. Maloney, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Manuelle Williams appeals his conviction on multiple charges. For the reasons that follow, we affirm.

{¶ 2} In 2023, appellant was charged in a four-count indictment with discharge of firearm on or near prohibited premises with one- and three-year

firearm specifications; two counts of felonious assault with one- and three-year firearm and repeat violent offender specifications and a notice of prior conviction; and having weapons while under disability.

{¶ 3} The matter proceeded to a jury trial. As is common practice, before trial began appellant's attorney moved to bifurcate the repeat violent offender specifications, notices of prior conviction, and the having weapons while under disability count. Apparently, appellant disagreed with counsel's decision and asked that all counts, including the specifications and notices of prior conviction, be tried by the jury. After a brief recess to consult with counsel, appellant elected to try the specifications and notices of prior conviction to the bench and to have the weapons while under disability charge decided by a jury. Thus, all underlying counts were tried to the jury and the specifications and notices of prior conviction were tried to the bench.

{¶ 4} The following pertinent evidence was adduced at trial.

{¶ 5} On February 9, 2023, the Cleveland Police responded to Gorman Avenue for an individual who had sustained gunshot wounds to his lower extremities. Upon arrival, officers met with the injured man, Michael Keith, who had been shot in the leg and the hip. Officers learned that the shooting occurred at the Convenient Food Mart located on Miles Avenue. Keith was uncooperative and refused to talk to the police or identify who had shot him.

{¶ 6} Officers went to the food mart to process the scene. They reviewed surveillance footage and collected multiple spent shell casings in the parking lot of

the store. The store surveillance footage, which was played for the jury and entered into evidence, showed a man dressed in all red and with tattoos on his face enter the store holding a small black firearm. The man began arguing with Keith; the back-and-forth argument lasted several minutes. During this time, the dressed-in-red male repeatedly brandished a firearm and took it in and out of his red sweatpants pocket. He also kept leaving and coming back into the store several times to continue his conversation with Keith.

{¶ 7} Keith paid for his items and left the store with the man in red following. City camera footage, which was also played for the jury and entered into evidence, showed Keith walking out of the store. The male in all red quickly followed and immediately began shooting at Keith. Keith ran across the street with the shooter following him. The shooter eventually turned back and fled in a black Chrysler 200. Keith was able to make it to a relative's house, and someone there called 911.

{¶ 8} Detective Demetrius Madison ("Det. Madison") was assigned to the case. He developed appellant as a suspect using a law enforcement database. Through his investigation, he discovered that a black Chrysler 200 was registered to a female with the last name "Williams." Det. Madison went to appellant's house and observed a black Chrysler 200 parked in the driveway. Detectives also spoke with appellant's parole officer, who identified appellant from the store surveillance video, both to police and in court. The parole officer provided police with a photo he had taken of appellant in September 2022 during a routine visit. In the photo, appellant

is wearing an all-red outfit identical to the shooter's clothing and standing in front of a black Chrysler 200. His face tattoos are prominent in the photo.

{¶ 9} Keith, who was incarcerated at the time of trial, testified that he did not want to testify but was subpoenaed and transported from prison to the courthouse. Keith insisted that he did not remember what happened the evening he was shot and could not identify who shot him. Upon being shown the surveillance footage, Keith identified himself in the footage, testified he was at the food mart that night, and admitted to having a heated conversation with a man dressed in red. Keith testified that he remembered walking out of the store but did not recall what happened outside of the convenience store. Keith remembered running to a relative's home.

{¶ 10} Keith sustained a gunshot wound to his right leg and left hip and was transported to a local hospital for treatment. During his testimony, Keith repeatedly stated that he did not know the shooter and that appellant was not the shooter.

{¶ 11} At the close of the State's evidence and the close of all evidence appellant moved for acquittal pursuant to Crim.R. 29. The court denied his motions.

{¶ 12} The jury convicted appellant of each charge in the indictment, and the court convicted appellant of all attendant specifications and notices of prior conviction. The court sentenced appellant to 12 to 15 years in prison.

{¶ 13} Appellant filed this appeal and raises two assignments of error for our review, which we will combine:

> I. The trial court erred in denying appellant's [Crim.] Rule 29 motion for acquittal on all counts where there was insufficient evidence to prove identity.

II. The trial court erred in denying appellant's [Crim.] Rule 29 motion as to count four, having a weapon while under disability where the state presented insufficient evidence of a prior conviction.

{¶ 14} In his first assignment of error, appellant argues that the trial court erred in denying his Crim.R. 29 motion for acquittal because there was insufficient evidence to support the convictions. In his second assignment of error, appellant argues that the trial court erred in denying his motion for acquittal as to Count 4, having weapons while under disability; we consider this argument first.

{¶ 15} When determining whether a verdict is supported by sufficient evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Wilks*, 2018-Ohio-1562, ¶ 156, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. When evaluating the sufficiency of the evidence, a reviewing court considers "whether the evidence, 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Pountney*, 2018-Ohio-22, ¶ 19, quoting *Jenks* at *id.*

**Sufficient Evidence - Having Weapons While Under Disability**

{¶ 16} Appellant claims that the State presented insufficient evidence to support his having weapons while under disability conviction.

{¶ 17} First, we note that appellant insisted that the weapons while under disability charge be tried to the jury, not before the bench, as is common practice.

The record reflects that the court painstakingly discussed the possible consequences of having evidence of his prior conviction admitted to the jury; however, appellant was steadfast in his desire to have the jury decide this charge.

{¶ 18} The crime of having weapons while under disability is defined in R.C. 2921.13 as follows: "[N]o person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if . . . [t]he person is under indictment for or has been convicted of any felony offense of violence."

{¶ 19} Det. Madison testified that appellant previously pleaded guilty to attempted murder and felonious assault in Cuyahoga C.P. No. CR-12-567181-A. The certified journal entry was preliminarily submitted as exhibit No. 12; a redacted version was sent to the jury as exhibit No. 13. Appellant's parole officer testified he had known appellant for over a year and had personal knowledge of appellant's prior conviction.

{¶ 20} We are not persuaded by appellant's claim that additional evidence was necessary to show he had a qualifying prior conviction.

{¶ 21} R.C. 2945.75(B)(1) provides that "a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." However, as this court noted in *State v. Scott*, 2024-Ohio-975, ¶ 51 (8th Dist.), R.C. 2945.75(B)(1) is not the exclusive method of proving a prior conviction. *Id.*, citing *State v. Gwen*, 2012-Ohio-5046, ¶ 1. Proof of the prior conviction can be also shown through stipulation, admission, or by the testimony of

a witness with knowledge of the prior conviction who can also identify the accused as the offender involved in the prior conviction. *Scott* at *id.*, citing *State v. Kronenberg*, 2015-Ohio-1020, ¶ 43 (8th Dist.). Here, appellant refused to stipulate to the journal entry of his prior conviction. The detective testified regarding the journal entry and a certified copy was entered into evidence. Appellant's parole officer testified that he had personal knowledge of his prior conviction and identified appellant in court as his parolee. Therefore, we find sufficient evidence to support appellant's conviction for having weapons while under disability.

**Sufficient Evidence – Identity**

{¶ 22} Appellant argues that the State presented insufficient evidence to support his remaining convictions because the victim never identified him as the shooter. According to appellant, Det. Madison and his parole officer's testimonies were insufficient to identify him as the shooter because no forensic or scientific evidence tied him to the shooting.[1] We disagree.

{¶ 23} The elements of an offense may be proven by direct evidence, circumstantial evidence, or both. *State v. Wingfield*, 2019-Ohio-1644, ¶ 51 (8th Dist.). Direct evidence is evidence that "a witness testifies about a matter within the witness's personal knowledge such that the trier of fact is not required to

---

[1] Appellant's argument relates solely to a claim that the State's witnesses were unable to establish identity. Appellant has, therefore, forfeited any argument that the testimony regarding identification of appellant via the surveillance footage was improper opinion testimony or otherwise violated the rules of evidence, and we limit our review accordingly.

draw an inference from the evidence to the proposition that it is offered to establish." *Id.*, citing *State v. Cassano*, 2012-Ohio-4047, ¶ 13. Circumstantial evidence is evidence that requires "the drawing of inferences that are reasonably permitted by the evidence." *Wingfield* at *id.*, citing *Cassano* at *id.*

{¶ 24} Circumstantial and direct evidence are of equal evidentiary value. *Wingfield* at ¶ 52, citing *State v. Santiago*, 2011-Ohio-1691, ¶ 12 (8th Dist.). This court has held that the differences between direct and circumstantial evidence are irrelevant to the probative value of the evidence. *Wingfield* at *id.*, citing *Cassano* at ¶ 13.

{¶ 25} Circumstantial evidence may be sufficient to establish the identity of the accused as the person who committed the crime. *Wingfield* at ¶ 53, citing *In re A.W.*, 2016-Ohio-7297, ¶ 28 (8th Dist.) Moreover, a conviction may be sustained based solely on circumstantial evidence alone. *Wingfield* at *id.*, citing *State v. Franklin*, 62 Ohio St.3d 118 (1991). As this court has previously noted, in some cases, circumstantial evidence may be "more certain, satisfying and persuasive than direct evidence." *Wingfield* at *id.*, citing *State v. Lott*, 51 Ohio St.3d 160, 167 (1990).

{¶ 26} The State entered the surveillance video from the convenience store into evidence, which distinctly showed the shooter's face, his facial tattoos, his clothes, and the black Chrysler 200 he fled in. During his investigation, Det. Madison used surveillance videos and a law enforcement database to identify appellant as a suspect. The detective also learned that the car seen in the video was

registered to a female with the last name Williams and observed a black Chrysler 200 in the driveway of appellant's house.

{¶ 27} Appellant's parole officer, who testified that he had known appellant for over a year, identified him in court as the suspect in the surveillance video and by the photo he took of appellant in September 2022, in which appellant was standing in front of a black Chrysler 200 wearing what appeared to be the same all-red outfit the shooter wore.

{¶ 28} Considering the above, there was sufficient evidence to establish appellant's identity as the shooter. After viewing this and the other testimony and evidence presented in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt and that appellant committed the crimes as set forth in the indictment. Accordingly, the assignments of error are overruled.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR