[Cite as *Cleveland v. Hale*, 2024-Ohio-2712.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                              No. 113434

    v.                           :

RAYVON HALE,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 18, 2024

---

Criminal Appeal from the Cleveland Municipal Court
Case Nos. 2022-CRB-010748, 2023-CRB-002149, and 2023-CRB-003191

---

### *Appearances:*

Mark Griffin, City of Cleveland Director of Law, and Aric Kinast, Assistant City Prosecutor, *for appellee.*

Christina M. Joliat, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant, Rayvon Hale ("Hale"), appeals his misdemeanor convictions in the three underlying cases following a bench trial in the Cleveland Municipal Court. In all, Hale was convicted of two counts of aggravated disorderly conduct, one count of disorderly conduct, and one count of resisting arrest with

harm to law enforcement, and sentence was imposed. Upon review of the record and relevant case law, we affirm the convictions.

{¶ 2} Under his sole assignment of error, Hale claims that his convictions are against the manifest weight of the evidence and that the evidence was not sufficient for finding him guilty.

{¶ 3} When determining whether a conviction is supported by sufficient evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Wilks*, 2018-Ohio-1562, ¶ 156, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. When evaluating the sufficiency of the evidence, a reviewing court considers "whether the evidence, 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Pountney*, 2018-Ohio-22, ¶ 19, quoting *Jenks* at paragraph two of the syllabus.

{¶ 4} When considering a manifest-weight challenge, "we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *Wilks* at ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Reversing a conviction based upon the weight of the evidence should occur "'only in the exceptional case in which the

evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 5} As to the offenses involved herein, the relevant provisions provide as follows:

Cleveland Cod.Ord. 605.03, Disorderly Conduct:

(a)   No person shall recklessly cause inconvenience, annoyance or alarm to another, by doing any of the following:

    (1)   Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

    (2)   Making unreasonable noise or offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person, which by its very utterance or usage inflicts injury or tends to incite an immediate breach of the peace;

. . .

(e)   Whoever violates this section is guilty of disorderly conduct, a minor misdemeanor. If the offender persists in disorderly conduct after reasonable warning or request to desist, disorderly conduct is a misdemeanor of the first degree.

R.C. 2921.33(B), Resisting Arrest:

No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer.

{¶ 6} In Cleveland M.C. No. 2022-CRB-010748, Hale was convicted of aggravated disorderly conduct, a misdemeanor of the first degree in violation of Cleveland Cod.Ord. 605.03(a)(1). A deputy bailiff for the Cleveland Municipal Court testified that on December 16, 2022, he observed Hale verbally abusing a clerk supervisor.  The bailiff indicated that Hale threatened the clerk supervisor with

bodily harm and that four or five other individuals were present who looked physically very uncomfortable and asked the bailiff to intervene. Hale was asked to leave, but he refused. Hale continued to escalate verbally, and he threatened another bailiff who was present. A deputy sheriff who responded testified that Hale was handcuffed and was very irate. Hale was escorted out and was given multiple warnings to stop engaging in the manner in which he was engaging.

{¶ 7} In Cleveland M.C. No. 2023-CRB-002149, Hale was convicted of disorderly conduct, a minor misdemeanor in violation of Cleveland Cod.Ord. 605.03(a)(2). A patrol officer for Cleveland State University testified that on March 12, 2023, he responded to a call about a disorderly male who was verbally threatening staff members at Rascal House on Euclid Avenue. When the officer arrived on scene, he observed Hale on the sidewalk in front of the Rascal House. The officer asked Hale for his name and date of birth multiple times. Hale "was saying it so fast" that the officer could not understand him. The officer testified that Hale was "belligerent, screaming and just not complying" with the officer's request. The officer further testified to Hale's "belligerence in his disorderly language, disorderly conduct and threats." The officer indicated that there were several people who witnessed Hale's comments. The officer issued Hale a ticket for disorderly conduct based on his behavior and actions and his verbal threats toward the officer and Rascal House staff.

{¶ 8} In Cleveland M.C. No. 2023-CRB-003191, Hale was convicted of aggravated disorderly conduct, a misdemeanor of the first degree in violation of

Cleveland Cod.Ord. 605.03(a)(2); and resisting arrest with harm to law enforcement, a misdemeanor of the first degree in violation of R.C. 2921.33(B). A patrolman for the Regional Transit Authority police department testified that on April 23, 2023, he responded to a dispatch and observed Hale and another male engaged in an active, physical fight in a public area at Tower City. There was a group of people watching the incident happen. The patrolman indicated that "both males were punching each other and hitting each other." The patrolman testified that he ordered the two men to stop and that when Hale turned to face him, the other male struck Hale in the back of the head. Once the patrolman had the two men separated, he initially intended to arrest both males for assault. After the other male was handcuffed and standing by a wall, the patrolman informed Hale he was going in handcuffs. Hale did not comply. Rather, Hale "started to become loud, stating he wasn't going in handcuffs," and he continuously pulled away and resisted being placed in handcuffs. At one point, the patrolman and Hale fell to the ground, and the other male that was handcuffed began to kick Hale. Eventually, the patrolman gained control of Hale. The patrolman sustained an injury to his elbow, and EMS was called.

{¶ 9} Other testimony was provided as to each offense, and this court has fully reviewed the record. Viewed in the light most favorable to the prosecution, the evidence was sufficient to allow the trier of fact to find Hale guilty of each of the offenses. Additionally, in considering the weight of the evidence, we do not find the trier of fact clearly lost its way or that the evidence weighs against the convictions.

We are not persuaded by appellant's arguments otherwise.  The sole assignment of error is overruled.

{¶ 10} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS, J., CONCUR