[Cite as *Cleveland v. Williams*, 2024-Ohio-3102.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                                 No. 112764

    v.                           :

AUTUMN WILLIAMS,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 15, 2024

---

Criminal Appeal from the Cleveland Municipal Court
Case Nos. 2022-CRB-001584 and 2022-CRB 001589

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law, Aqueelah A. Jordan, Chief Prosecuting Attorney, and Michael Ferrari, Assistant Prosecuting Attorney, *for appellee.*

Wargo Law, LLC, and Leslie E. Wargo, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Defendant-appellant, Autumn Williams, appeals two misdemeanor criminal cases in which she was found guilty of one count each of aggravated trespass and menacing in each case. Appellant claims that her convictions are unsupported by sufficient evidence and are against the manifest weight of the

evidence. After a thorough review of the record and the arguments raised, we affirm the convictions.

## I.  Factual and Procedural History

{¶ 2}   Relevant to this appeal, appellant was charged in two municipal court cases. In Cleveland M.C. No. 2022-CRB-001589, appellant was charged with crimes related to a January 28, 2022 incident and in Cleveland M.C. No. 2022-CRB-001584 she was charged with crimes related to a February 3, 2022 incident. In each case, she was charged with one count each of aggravated trespass, a first-degree misdemeanor violation of Cleveland Cod.Ord. ("C.C.O.") 623.041, and menacing, a fourth-degree misdemeanor violation of C.C.O. 621.07. The cases proceeded to a bench trial on March 24, 2023. There, the following facts were adduced.

{¶ 3}   In the early morning hours of January 28, 2022, the homeowner, her daughter ("Daughter"), and other members of the household were asleep. Between 3:00 a.m. and 4:00 a.m., the homeowner was jolted awake by the sounds of a shattering window. She rushed to see what happened and found that someone had broken a window on the front of her home. She did not see anyone.

{¶ 4}   Daughter was also awakened from sleep by the same sounds of breaking glass. She had a different view of the area out of her window than her mother. She looked out of her bedroom window, the view through which she observed the area outside the window that was broken one floor below. Daughter saw a person running from this area of the house. She identified the appellant as the person she saw running away from the house shortly after the sound of pounding

and breaking glass roused occupants of the house from sleep. This identification was based on a two-year long intimate relationship with appellant. As a result of this incident, the homeowner had two security cameras installed.

{¶ 5} On February 3, 2022, the homeowner was again roused from sleep between the hours of 3:00 a.m. and 4:00 a.m. by the sound of pounding and breaking glass. Again, she did not see anyone outside. Daughter testified she looked out of a window after hearing banging and saw appellant running from the home.

{¶ 6} The homeowner reviewed video captured by one of two security cameras that surveilled her home's front and rear.[1] The video she observed was played for the court and depicted the rear driveway of the house with the camera facing toward the street and looking at the back of the house. The video is clear and well-lit. It captured a person briefly running across the driveway and away from the house after the sound of pounding and breaking glass can be heard. Daughter identified appellant as the person seen on the security video running away from the house immediately following the sounds of breaking glass. This identification was again based on Daughter's familiarity with appellant, the clothes and shoes of the person captured on the video as belonging to appellant, and the way the person moved. On cross-examination, Daughter admitted that she did not see the face of the figure in the video running from the home.

---

[1] The front camera was not operational that night because it had been unplugged by a member of the household.

{¶ 7} Ultimately, appellant was found guilty of all charges, sentenced to 18 months of community control in both cases, and ordered to pay restitution to the homeowner.

{¶ 8} Appellant then filed the instant appeal challenging her conviction in the two cases, raising two assignments of error:

> 1. The trial court erred in overruling appellant's Criminal Rule 29 motion and by finding appellant guilty of aggravated trespass and menacing in both cases because the convictions are against the sufficiency of the evidence.

> 2. The trial court erred in overruling appellant's Criminal Rule 29 motion and by finding appellant guilty of aggravated trespass and menacing in both cases because the convictions are against the manifest weight of the evidence.

## II. Law and Analysis

{¶ 9} Appellant argues that her convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.

### A. Sufficiency

{¶ 10} "[A]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). *See also State v. Fork*, 2024-Ohio-1016, ¶ 14. The relevant inquiry is, "after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at 273. "In essence, sufficiency is a test

of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶ 11} Aggravated trespass, as defined in C.C.O. 623.041, prohibits one from entering or remaining "on the land or premises of another with purpose to commit on that land or those premises a misdemeanor, the elements of which involve causing physical harm to another person or causing another person to believe that the offender will cause physical harm to him or her." C.C.O. 621.07 defines menacing as knowingly causing another "to believe that the offender will cause physical harm to the person or property of such other person or member of his immediate family."

{¶ 12} In support of the sufficiency and manifest weight arguments, appellant does not challenge the individual elements of the offenses. Instead, she asserts that the City did not establish that appellant was the perpetrator. Therefore, we will confine our review accordingly.

{¶ 13} The identification of the perpetrator is an essential element of a crime. Contrary to appellant's argument, "eyewitness identification testimony alone is sufficient to support a conviction — even where discrepancies exist — so long as a reasonable juror could find the eyewitness testimony to be credible." *State v. Rudd*, 2016-Ohio-106, ¶ 37 (8th Dist.), citing *State v. Bryson*, 2013-Ohio-934, ¶ 64 (8th Dist.).

{¶ 14} Daughter made an in-court identification of appellant as the person she dated and knew as Autumn Williams. She further testified that she saw

appellant run from the house immediately following the sound of breaking glass during the January 28 incident. She identified appellant through her clothing, the shape of her body, and the way she moved, relying on information she accumulated through two years of an intimate relationship with appellant. She also testified that she saw appellant fleeing from the home during the February 3 incident. She also identified appellant as the person depicted in the security-camera footage that captured a portion of this incident. In that footage, pounding and the sound of breaking glass can be heard and then a person can be briefly seen running away from the area of the broken window across the driveway of the home. The video played in court is relatively clear, and the area is well-lit such that the clothing of the person seen in the video is visible as well as their body and movement. While the video is brief, the identification was based on the clothing worn by the perpetrator, the way they moved, their body shape, and Daughter's familiarity with appellant.

{¶ 15} Daughter admitted that she did not see the perpetrator's face the night of the first incident, but that is not a requirement for eyewitness identification. "Even where an eyewitness does not see the perpetrator's face, identification can be based on circumstantial evidence of peculiarities such as clothing." *State v. Mallory*, 2018-Ohio-1846, ¶ 7 (8th Dist.), citing *In re A.W.*, 2016-Ohio-7297, ¶ 31 (8th Dist.); *State v. Merriweather*, 2017-Ohio-421 ¶ 30 (12th Dist.). *See also State v. Hopkins*, 2021-Ohio-4632, ¶ 57 (7th Dist.) (finding that the in-court identification by a police officer of an individual in video footage based on the individual's build, movements, face shape, and extensive experience with the individual was permissible).

{¶ 16} Appellant's argument also takes issue with the testimony of Daughter, particularly her in-court identification of appellant as the purported perpetrator. Appellant ignores the testimony of Daughter positively identifying appellant as the person seen at the scene of the crimes and fleeing immediately after and the proper inferences that can be drawn therefrom. *See State v. Jones*, 2020-Ohio-3367, ¶ 71 (8th Dist.) (stating that reasonable inferences may be drawn from both direct and circumstantial evidence).

{¶ 17} Viewing this evidence in a light most favorable to the City, sufficient evidence exists to find that appellate was the perpetrator of these crimes. Sufficient evidence was adduced that, if believed, would convince the average mind of appellant's guilt beyond a reasonable doubt.

## B. Manifest weight

{¶ 18} A manifest-weight-of-the-evidence challenge "addresses the evidence's effect of inducing belief. . . . In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's?" *State v. Wilson*, 2007-Ohio-2202, ¶ 25. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as the 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins,* 78 Ohio St.3d at 387. Reversing a conviction under a manifest-weight theory "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 19} Appellant argues that the trial judge lost its way when finding appellant guilty in both cases and attacks Daughter's eyewitness identification of appellant as the perpetrator. Appellant alleges the homeowner could not identify appellant and Daughter's eyewitness identification should be discounted because it was dark outside, she did not see the face of the person running away from the home during both incidents, and the video evidence is insufficient to form the basis of any identification. These arguments do not lead us to conclude that the trial court lost its way in finding appellant guilty of the charges in each case.

{¶ 20} This court has previously recognized that "[a] conviction may rest solely on the testimony of a single witness, if believed, and there is no requirement that a witness' testimony be corroborated to be believed." *Jones*, 2020-Ohio-3367, at ¶ 71 (8th Dist.), citing *State v. Flores-Santiago*, 2020-Ohio-1274, ¶ 38 (8th Dist.); *State v. Black*, 2019-Ohio-4977, ¶ 43 (8th Dist.); *State v. Schroeder*, 2019-Ohio-4136, ¶ 84 (4th Dist.); and *State v. Dudley*, 2017-Ohio-7044, ¶ 10 (9th Dist.).

{¶ 21} Daughter testified that she saw appellant running away from her home on both occasions. She was very familiar with appellant and was able to identify her through her clothing, body movement, and body type. She also identified appellant as the person depicted in the brief but clear video running away from the house immediately after several loud bangs and the sound of breaking glass. It is immaterial that the homeowner could not identify appellant because Daughter positively identified appellant as the perpetrator in both incidents for which appellant was convicted.

{¶ 22} Based on this testimony, we do not find that the trial court lost its way in finding appellant guilty of the charges in the two lower court cases.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR