[Cite as *State v. Shirley*, 2025-Ohio-1064.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 114225

    v.                           :

JAMES SHIRLEY,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 27, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-685044-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jordan Mason, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant*.

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant James Shirley ("Shirley") appeals the judgment of the trial court, arguing that his conviction for possession of drugs is not supported

by sufficient evidence and is against the manifest weight of the evidence. For the reasons set forth below, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 2} The record reflects that on July 21, 2023, Sergeant Jarrod Durichko and Detectives Michael Williams, Daniel Hourihan, and Matthew Pollack, all with the Cleveland Police Department's Fourth District Vice Unit, were conducting surveillance of East 140th Street, 142nd Street, and Kinsman Road remotely via real-time crime cameras ("RTCC"). (Tr. 82-83.) They were watching this specific area after receiving numerous complaints about "drug activity" in the area. (Tr. 89.) Sergeant Durichko observed two to three males, two who were later identified as juvenile J.M. and Shirley, loitering in front of the shopping plaza at 14107 Kinsman Road. (Tr. 87 and 139.)

{¶ 3} Detective Williams testified at trial that on July 21, 2023, he and three other officers began watching the RTCC around 10:43 a.m. (Tr. 83.) He observed three males at the plaza at 14107 Kinsman Road. Two of the males were later identified as juvenile J.M. and Shirley. (Tr. 86-87.) He observed Shirley holding what appeared to be an orange pill bottle with a white cap and observed him placing it into his pocket. Detective Williams testified that based on his training and experience, this is a typical storage container for narcotics. (Tr. 107-109.)

{¶ 4} Sergeant Jarrod Durichko testified at trial that on July 21, 2023, he was with the other officers watching the RTCC and observed Shirley and J.M. make what appeared to be several drug transactions. (Tr. 140-141.) After conducting

surveillance, the officers went to the plaza to apprehend the individuals. As Sergeant Durichko approached, he observed Shirley bend down near the front of a white Nissan. (Tr. 145-146.) Soon thereafter, Sergeant Durichko found an orange pill bottle in the location where Shirley bent down. (Tr. 146.) The orange pill bottle was later found to contain 99 methamphetamine pills. (Tr. 151, 168, and 229.) Sergeant Durichko obtained footage from the hair store that showed what he believed to be Shirley dropping the orange pill bottle in front of the parked Nissan. (Tr. 153.)

{¶ 5} Detective Daniel Hourihan testified that on July 21, 2023, he watched the RTCC with the other officers and was then sent to observe Shirley and J.M. in person. (Tr. 186.) He arrived before any of the other officers and parked across the street from the plaza in a Rally's parking lot. (Tr. 187.) Detective Hourihan testified that as Sergeant Durichko approached Shirley, Shirley ducked down at the front of a parked car, then popped back up again. (Tr. 191.)

{¶ 6} During the course of the trial, there were three videos shown and subsequently entered into the record as State's exhibits Nos. 9, 11, and 12. State's exhibit No. 9 is approximately 30 minutes of video taken from the RTCC. Starting at the 16 minute 15 second mark, it shows Shirley and J.M. at the side of the plaza. Shirley removes an item with a white lid from his pocket and then returns it to his pocket. At the 20 minute 30 second mark, the white Nissan under which the pill bottle with methamphetamines is later located, first arrives at the plaza. The driver of the vehicle is seen exiting the white Nissan at the 20 minute 40 second mark and does not place anything under the front of the vehicle before entering a nearby nail

salon.  The RTCC video does not show anyone else near the front driver side tire of the white Nissan prior to Shirley approaching it.

{¶ 7} State's exhibits Nos. 11 and 12 are surveillance videos from the hair store in the plaza.  Both videos show that as Sergeant Durichko approaches Shirley to apprehend him, Shirley crouches down briefly at the front driver side of the parked white Nissan and his arm reaches under the vehicle.  This is the location where Sergeant Durichko later found the orange pill bottle.

{¶ 8} State's exhibits Nos. 21 and 22 are screenshots taken from the video shown on State's exhibit No. 11, one of the videos obtained from the hair store. State's exhibit No. 21 shows no white object under the white Nissan at the 1 minute 11 second mark.  At the 1 minute 12 second mark, it shows Shirley crouched down near the front of the white Nissan with a white object under the vehicle.

{¶ 9} On September 21, 2023, Shirley was indicted on the following charges:

1 — trafficking under R.C. 2925.03(A)(2), a felony of the first degree

2 — drug possession under R.C. 2925.11(A), a felony of the second degree

3 — trafficking under R.C. 2925.03(A)(2), a felony of the fifth degree

4 — drug possession under R.C. 2925.11(A), a felony of the fifth degree

5 — possession of criminal tools under R.C. 2923.24(A), a felony of the fifth degree.

{¶ 10} Count 2 was for possession of methamphetamines and Count 4 was for possession of crack cocaine.

{¶ 11} Shirley executed a waiver of his right to a trial by jury, and the case proceeded to a bench trial on July 9, 2024. He was found guilty of both possession counts, which were Counts 2 and 4 of the indictment, and not guilty on the remaining counts. Shirley was sentenced to 4 years of imprisonment on Count 2 and 11 months for Count 4, running concurrently to each other for an indefinite term of 4-6 years. Shirley received 268 days credit for time served.

{¶ 12} This appeal stems from Shirley's conviction on Count 2, possession of drugs, specifically possession of the methamphetamines in the pill bottle.

## II. Law and Analysis

{¶ 13} Shirley raises two assignments of error for our review, both challenging his conviction on Count 2, possession of drugs (methamphetamines):

1. There was insufficient evidence produced at trial to support a finding of guilt on count two.

2. The court lost its way by finding the defendant guilty against the manifest weight of the evidence.

{¶ 14} A drug possession charge under R.C. 2925.11(A) states that "no person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." "'Possess' or 'possession' means having control over a thing or substance[.]" R.C. 2925.01(K).

### A. First Assignment of Error — Sufficiency of the Evidence

{¶ 15} In his first assignment of error, Shirley argues that there was insufficient evidence to prove Count 2 of the indictment, drug possession, under

R.C. 2925.11(A), a felony of the second degree. Count 2 involves possession of methamphetamines found in the orange pill bottle.

{¶ 16} We have recently reaffirmed that "[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Spencer*, 2024-Ohio-5809, ¶ 15 (8th Dist.), citing *State v. Murphy*, 91 Ohio St.3d 516 (2001). The appellate court views the evidence "'in a light most favorable to the prosecution'" to determine whether "'any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Spencer* at ¶ 15, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), at paragraph two of the syllabus. The inquiry is whether the prosecution has met its "burden of production" at trial. *State v. Dyer*, 2007-Ohio-1704, ¶ 24 (8th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997). "'In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.'" *Cleveland v. Williams*, 2024-Ohio-3102, ¶ 10 (8th Dist.), quoting *Thompkins* at 386; *see also Cleveland v. Neal*, 2024-Ohio-1467, ¶ 26 (8th Dist.). Appellate courts are not to assess "whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Dyer* at ¶ 24.

{¶ 17} Shirley contends there was insufficient evidence that he possessed the methamphetamines found in the orange pill bottle to support his conviction for

possession of drugs. He specifically argues the pill bottle was not found on his person.

{¶ 18} Detective Williams testified that while watching the RTCC, he observed Shirley holding what appeared to be an orange pill bottle with a white cap. Sergeant Durichko and Detective Hourihan both observed Shirley bend down near where the pill bottle was later found. State's exhibit No. 9, the RTCC video, shows Shirley with what could be a pill bottle in his hand. State's exhibits Nos. 11 and 12, video surveillance obtained from the hair store, shows Shirley quickly bend down near the location where the pill bottle was later found and reach his arm under the vehicle. The videos did not show anyone else place anything in the location where the pill bottle was found, nor did they show any white object under the vehicle. The testimonies of the Cleveland police officers, along with the videos in State's exhibits Nos. 9, 11, and 12, were sufficient to establish that Shirley was in possession of the pill bottle that was later found to contain methamphetamines.

{¶ 19} We find that the trial court could conclude that Shirley was in possession of the methamphetamines. Accordingly, we find Shirley's conviction of possession of drugs, specifically the methamphetamines that were the subject of Count 2, was based on sufficient evidence. Shirley's first assignment of error is overruled.

### B. Second Assignment of Error — Manifest Weight

{¶ 20} In his second assignment of error, Shirley argues that his conviction for drug possession under Count 2 was against the manifest weight of the evidence.

{¶ 21} "In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion." *State v. Hill*, 2013-Ohio-578, ¶ 32 (8th Dist.). "In our manifest weight review of a bench trial verdict, we recognize that the trial court serves as the factfinder, and not the jury." *Cleveland v. McCoy*, 2023-Ohio-3792, ¶ 26 (8th Dist.), citing *State v. Travis*, 2022-Ohio-1233, ¶ 28 (8th Dist.); *see also Cleveland v. Hale*, 2024-Ohio-2712, ¶ 4 (8th Dist.) (analyzing manifest-weight issue in context of bench trial); *Cleveland v. Clark*, 2024-Ohio-4491, ¶ 45 (8th Dist.) (same); *State v. Kennedy,* 2024-Ohio-1586, ¶ 65 (8th Dist.) (same). Accordingly, we have previously written:

> "[T]o warrant reversal from a bench trial under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed, and a new trial ordered."

*Kennedy* at ¶ 65, quoting *State v. Strickland*, 2009-Ohio-3906, ¶ 25 (8th Dist.). An appellate court will reverse on manifest weight "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *State v. McLoyd*, 2023-Ohio-4306, ¶ 40 (8th Dist.), quoting *Thompkins*, 78 Ohio St.3d at 387 (1997).

{¶ 22} Shirley contends that the evidence does not show that he possessed the pill bottle. After weighing all the evidence as discussed under the first assignment of error, we cannot say that this is one of the rare cases in which the trier of fact lost its way. Shirley's conviction was not against the manifest weight of the evidence, and his second assignment of error is overruled.

## III. Conclusion

{¶ 23} We find that Shirley's conviction for possession of drugs related to possession of an orange pill bottle containing methamphetamines is supported by sufficient evidence and is not against the manifest weight of the evidence. For the reasons set forth above, the judgment of the trial court is affirmed.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR